**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| **CORWIN BUZZARD, Individually, and on behalf of all other similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**LA PLAYA PROPERTIES GROUP, INC. d/b/a QUANBLUE PROPERTY MANAGEMENT LLC,**<br><br>Defendant. | Case No.: 1:24-cv-23823<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, Corwin Buzzard (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this class action against Defendant, La Playa Properties Group, Inc. d/b/a Quanblue Property Management LLC (hereinafter "Quanblue" or "Defendant"), and alleges:

**I.   INTRODUCTION**

1.   This class action arises from Quanblue's unlawful taking of Security Deposits from its residential tenants.  Specifically, Quanblue violates its own lease and the Florida Residential Landlord Tenant Act ("FRLTA"), Fla. Stat. § 83.40 et seq. by (a) prematurely taking tenant security deposits; and (b) failing to provide tenants the statutorily required Notice of Intention to Impose a Claim on Security Deposit ("Security Deposit Notice").

**II.   JURISDICTION AND VENUE**

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because there are at least 100 Class members in the proposed Class, the combined claims of

proposed Class members exceed $5,000,000, exclusive of interest and costs, and at least one Class member is a citizen of a state other than Defendant's state of citizenship.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant resides in this District and most of the events or omissions giving rise to Plaintiff's claims occurred in this District and Defendant is subject to personal jurisdiction in this District.

### III. PARTIES

4. Plaintiff Corwin Buzzard is a natural person who resides in Miami, Florida, is a Florida citizen and at all material times herein, was a "tenant" pursuant to Fla. Stat. § 83.43(4). "Tenant" means any person entitled to occupy a dwelling unit under a rental agreement, pursuant to the FRLTA.

5. Defendant, La Playa Properties Group, Inc. d/b/a Quanblue Property Management LLC is a Florida for profit corporation, authorized to do business in Florida, whose principal address is 2275 Biscayne Blvd, Suite # 1, Miami, FL 33137. Quanblue conducts business in this District and other Districts in Florida.

### IV. FACTUAL ALLEGATIONS

**A. Background on Quanblue**

6. Quanblue Property Management LLC is the property management arm of La Playa Properties Group, Inc. ("La Playa Properties").

7. Quanblue manages over 700 properties in Southern Florida, for their international clients.

8. Quanblue provides management, maintenance, leasing, security deposit administration, rent collection, tax payments, mortgage payments and billing services for the residential rental units that it manages across Florida.

9. Quanblue handles new tenant leasing and utilizes a standard form lease agreement for all its Florida properties. (**Exhibit A**, **Plaintiff's "Lease"**).

10. When Quanblue contracts with property owners for its management services, Quanblue is granted the exclusive authority to collect security deposits and is solely responsible for the administration and return of security deposits at all properties it manages in Florida.

11. After a tenant moves out, Fla. Stat. § 83.49(3)(a) requires Quanblue to either return the security deposit in full to the tenant within 15 days of moveout, or it can send a certified mail notice of its intent to impose a claim against a tenant's security deposit that includes the statutory language required by Fla. Stat. § 83.49(3)(a) within 30 days of move out ("Security Deposit Notice")

12. However, when Quanblue seeks to impose a claim upon a tenant's security deposit, Quanblue fails to send a Security Deposit Notice that complies with Fla. Stat. § 83.49(3)(a).

13. Furthermore, Quanblue is responsible for collecting and refunding tenant security deposit across all properties it manages in Florida.

14. Within days of moveout, Quanblue prepares a standard form Move Out Statement (**Exhibit B, "Move Out Statement"**) that includes an itemized list of deductions for alleged damages or amounts owed. Nowhere in the Move Out Statement does Quanblue inform the tenant that they have the legal right to object to any claims made against their security deposit or how to make an objection. (**Exhibit B**).

15. The Move Out Statement also shows that Quanblue has prematurely claimed all or a portion of the tenants' security deposit and has applied it to various amounts allegedly due to Quanblue without providing the required Security Deposit Notice and without waiting the required

3

objection period. (**Exhibit B**). Thus, Quanblue takes possession and control of the security deposit funds before tenants have an opportunity to object to those charges in violation of the FRLTA.

16. Quanblue also fails to provide former tenants with the ability to file a timely objection within 15-days as required by the FRLTA. (**Exhibit B**).

17. After illegally taking the tenants' security deposits, Quanblue seeks to collect amounts allegedly due in excess of the security deposit, as payable to Quanblue Receivables Department. Because Quanblue has already unlawfully taken possession of the security deposit, these requests for payment seek a "setoff" of the amounts allegedly due in further violation of the FRLTA, which prohibits seeking setoff unless and until the security deposit has been returned.

18. Upon information and belief, Quanblue's routine practice is to immediately take possession and control over tenant security deposits, not to send a Security Deposit Notice, and to issue non-compliant Move Out Statement, via certified mail, to all Florida tenants.

**B.    The Florida Residential Landlord Tenant Act ("FRLTA") Governs Security Deposits Procedures.**

19. The FRLTA requires strict compliance regarding residential leases that require security deposits. The Act contains requirements for disclosures in the lease and procedures that must be followed before a claim can be made against the security deposit funds. Fla. Stat. § 83.49(2) of the FRLTA governs lease disclosure requirements and states:

> (2) The landlord shall, in the lease agreement or within 30 days after receipt of advance rent or a security deposit, give written notice to the tenant which includes disclosure of the advance rent or security deposit. . . The written notice must:
>
> (a) Be given in person or by mail to the tenant.
>
> (b) State the name and address of the depository where the advance rent or security deposit is being held or state that the landlord has posted a surety bond as provided by law.
>
> (c) State whether the tenant is entitled to interest on the deposit.

4

> (d) Contain the following disclosure:
>
> YOUR LEASE REQUIRES PAYMENT OF CERTAIN DEPOSITS. THE LANDLORD MAY TRANSFER ADVANCE RENTS TO THE LANDLORD'S ACCOUNT AS THEY ARE DUE AND WITHOUT NOTICE. WHEN YOU MOVE OUT, YOU MUST GIVE THE LANDLORD YOUR NEW ADDRESS SO THAT THE LANDLORD CAN SEND YOU NOTICES REGARDING YOUR DEPOSIT. THE LANDLORD MUST MAIL YOU NOTICE, WITHIN 30 DAYS AFTER YOU MOVE OUT, OF THE LANDLORD'S INTENT TO IMPOSE A CLAIM AGAINST THE DEPOSIT. IF YOU DO NOT REPLY TO THE LANDLORD STATING YOUR OBJECTION TO THE CLAIM WITHIN 15 DAYS AFTER RECEIPT OF THE LANDLORD'S NOTICE, THE LANDLORD WILL COLLECT THE CLAIM AND MUST MAIL YOU THE REMAINING DEPOSIT, IF ANY.
> IF THE LANDLORD FAILS TO TIMELY MAIL YOU NOTICE, THE LANDLORD MUST RETURN THE DEPOSIT BUT MAY LATER FILE A LAWSUIT AGAINST YOU FOR DAMAGES. IF YOU FAIL TO TIMELY OBJECT TO A CLAIM, THE LANDLORD MAY COLLECT FROM THE DEPOSIT, BUT YOU MAY LATER FILE A LAWSUIT CLAIMING A REFUND. YOU SHOULD ATTEMPT TO INFORMALLY RESOLVE ANY DISPUTE BEFORE FILING A LAWSUIT. GENERALLY, THE PARTY IN WHOSE FAVOR A JUDGMENT IS RENDERED WILL BE AWARDED COSTS AND ATTORNEY FEES PAYABLE BY THE LOSING PARTY.
> THIS DISCLOSURE IS BASIC. PLEASE REFER TO PART II OF CHAPTER 83, FLORIDA STATUTES, TO DETERMINE YOUR LEGAL RIGHTS AND OBLIGATIONS.

Fla. Stat. § 83.49(2) (the "Security Deposit Lease Language").

20. Quanblue's standard form Lease includes the required disclosure language. (**Exhibit A, p. 11-12**). Thus, Quanblue is aware of its obligations under the FRLTA and is bound to follow them both under the FRLTA and under the terms of its own Lease.

21. The FRLTA also includes specific provisions for how claims are to be made against a tenant's security deposit. Fla. Stat. § 83.49(3)(a) of the FRLTA further states:

> (a) Upon the vacating of the premises for termination of the lease, if the landlord does not intend to impose a claim on the security deposit, the landlord shall have 15 days to return the security deposit together with interest if otherwise required, or the landlord shall have 30 days to give the tenant written notice by certified mail to the tenant's last known mailing address of his or her intention to impose a claim on the deposit and the reason for imposing the claim. The notice shall contain a statement in substantially the following form:

5

> This is a notice of my intention to impose a claim for damages in the amount of _____ upon your security deposit, due to _____. It is sent to you as required by s. 83.49(3), Florida Statutes. You are hereby notified that you must object in writing to this deduction from your security deposit within 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit. Your objection must be sent to <u>(landlord's address)</u>.

If the landlord fails to give the required notice within the 30-day period, he or she forfeits the right to impose a claim upon the security deposit and may not seek a setoff against the deposit but may file an action for damages after return of the deposit.

22. The landlord cannot prematurely apply the security deposit monies towards an outstanding balance in the Security Deposit Notice because at the time the letter is sent, the landlord has no legal right to those funds:

> (b) Unless the tenant objects to the imposition of the landlord's claim or the amount thereof within 15 days after receipt of the landlord's notice of intention to impose a claim, **the landlord <u>may then</u> deduct the amount of his or her claim and shall remit the balance of the deposit to the tenant within 30 days after the date of the notice of intention to impose a claim for damages.** The failure of the tenant to make a timely objection does not waive any rights of the tenant to seek damages in a separate action.

Fla. Stat. § 83.49(3)(b)(emphasis added)

23. The Florida legislature also added Fla. Stat. § 83.49(1)(a) to the FRLTA which prevents landlords from prematurely taking possession of security deposits:

> The landlord shall not comingle such moneys with any other funds of the landlord or hypothecate, pledge, or in any other way make use of such moneys **until** such moneys are actually due the landlord.

Fla. Stat. § 83.49(1)(a) (emphasis added).

24. Quanblue routinely violates Fla. Stat. § 83.49(3)(a) of the Landlord Tenant Act in three ways: (1) it fails to send a complaint Security Deposit Notice; (2) it fails to provide the tenant with 15 days to object to its claims against their security deposit before taking possession and

6

control of the Deposit; and (3) it unlawfully seeks a setoff of amounts allegedly due from the tenant.

25. Additionally, according to its Move Out Statement, Quanblue takes possession and control of tenant security deposit funds upon the date of moveout and well before the 15-day objection period has expired in violation of the FRLTA.

26. Quanblue routinely fails to send any legally sufficient Security Deposit Notice to its tenants before taking possession of the tenant's security deposit in violation of Fla. Stat. § 83.49(3)(a).

27. Plaintiff on behalf of himself and the Class seek a return of all security deposits in full as a result of the numerous FRLTA violations, for collecting amounts as setoff in violation of the FRLTA, and damages for breach of the Lease.

**C.     Plaintiff's Facts**

28. On July 11, 2023, Plaintiff entered a standard form Lease which listed the property owner as Danby Rental LLC, for a property located at Brickell Heights West Condo, 55 SW 9th Street, Unit 1910, Miami, Florida, 33130 (the "Property"). The term of the Lease ran through July 14, 2024. (**Exhibit A, p. 2**).

29. The Lease identifies Danby Rental LLC as the Landlord of the apartment and Quanblue Property Management is the "Landlord's agent." The Lease states that: "All notices to Landlord and all Lease Payments must be sent to Landlord's Agent" *Id.*

30. Upon information and belief, it is Quanblue, not Danby Rental LLC, that serves as the "landlord" of the property within the meaning of the FRLTA because it is the "lessor" of the property. See Fla. Stat. § 83.43(3) ("Landlord" shall mean owner or lessor of a dwelling unit). In

7

the alternative, Quanblue serves as the agent of Danby Rental LLC for purposes of collecting and administering tenant security deposits.

31. Upon information and belief, the Lease is a standard form that Quanblue utilizes with all its Florida tenants.

32. In Section V of the Lease, Quanblue requires a security deposit in the amount of $7,000.00 and requires that the tenant initial acknowledging that Quanblue has provided the required FRLTA disclosure language, pictured below:



(**Exhibit A, p. 11-12**).

33. The Lease also provides the following: " In any lawsuit brought to enforce the Lease or under applicable law, the party in whose favor a judgment or decree has been rendered may recover its reasonable court costs, including attorneys' fees, from the non-prevailing party." (**Exhibit B, p. 7**).

34. Plaintiff complied with all Lease obligations during his tenancy.

8

35. Plaintiff moved out of the apartment as anticipated on July 14, 2024.

36. On August 9, 2024, Quanblue prepared a Move Out Statement in which it asserted claims against the Security Deposit totaling $3,250 for cleaning fees ($200.00), broken washer panel ($250.00), and $2,800.00 for painting. (**Exhibit B**). The Move Out Statement does not include the require FRLTA language (Fla. Stat. § 83.49(3)(a)) and instead includes language that merely says "[y]ou must immediately make arrangements to pay any balance you left owing at the property." (**Exhibit B**).

37. The Move Out Statement does not inform the tenant of their right to object to the claims being made against his Security Deposit, as required by the FRLTA.

38. Because Plaintiff never received a compliant Security Deposit Notice within 30-days, Plaintiff emailed Quanblue and demanded return of his entire security deposit via email and via certified mail.

39. Quanblue refused to return Plaintiff's security deposit following his valid objection.

40. Upon information and belief, it is Quanblue's routine business practice to unlawfully claim/deduct/take possession of tenants' security deposits before the Fla. Stat. § 83.49(3)(a) 15-day objection period expires for all its tenants and without providing any compliant Security Deposit Notice

41. Upon information and belief, it is Quanblue's routine business practice to breach its Lease agreement by failing to comply with the FLRTA, which is incorporated into the Lease.

## V.   CLASS REPRESENTATION ALLEGATIONS

42.   Plaintiff brings this action as a class action pursuant to Rule 23 (b)(2) and (b)(3), of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated as members of the Class listed below:

> **BREACH OF CONTRACT CLASS:** All persons in the State of Florida who (1) entered a standard form lease substantially similar to Exhibit A; (2) had any portion of their security deposit retained; and (2) did not receive a compliant Fla. Stat. § 83.49(3)(a) Security Deposit Notice within thirty days of moveout.

Collectively the "Class."

43.   The Class Period begins five years prior to the filing of the original Complaint in this matter and ends when this Court issues an Order approving Class Notice.

44.   Plaintiff brings this action as a class action pursuant to Rule 23 (b)(2) and (b)(3), of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated as members of the Class listed below:

> **SECURITY DEPOSIT NOTICE SUBCLASS:** All persons in the State of Florida who (1) had any portion of their security deposit retained and (2) did not receive a compliant Fla. Stat. § 83.49(3)(a) Security Deposit Notice within thirty days of moveout.

Collectively the "Security Deposit Notice Class."

45.   The Class Period begins four years prior to the filing of the original Complaint in this matter and ends when this Court issues an Order approving Class Notice.

46.   Plaintiff is unable to state the exact number of members of the Class and the Security Deposit Notice Class because that information is solely in the possession of Quanblue. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendant's business records.  The

putative Class and Security Deposit Notice Class includes hundreds of Florida tenants due to the number of properties that Quanblue operates and manages within the state.

47. Quanblue utilizes the same standard form Lease and Move Out Statement in connection with its collection efforts for security deposit withholdings and routinely fails to provide a Security Deposit Notice including its notice to impose a claim on security deposits in compliance with the FRLTA. Therefore, the putative Class and Security Deposit Notice Class is so numerous that joinder of all members would be impracticable.

48. Questions of law and fact common to the Plaintiff and Class exist and predominate over questions affecting only individual members. Specifically, the predominating common questions include:

   a. Whether Defendant breached its standard for lease agreement by not providing Security Deposit Notices to tenants by certified mail within 30-days of move out which include the statutory language required by FRLTA § 83.49(3)(a);

   b. Whether Defendant violated the FRLTA by not providing Security Deposit Notices to tenants by certified mail within 30-days of move out which include the statutory language required by FRLTA § 83.49(3)(a);

   c. Whether Defendant's act of taking possession and control over tenant Security Deposits prior to expiration of the 15-day objection period violates the FRLTA § 83.49(3)(b);

   d. Whether Defendant's Move Out Statement, containing no language informing the tenant of their right to object violates the FRLTA § 83.49(3)(b);

   e. Whether the members of the Class have sustained damages, and if so, the proper measure of damages, including actual and statutory.

49. The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Class, Security Deposit Notice Class upon information and belief, Quanblue uses standardized form documents and policies when asserting claims against tenant Security Deposits and when attempting to collect debts from Florida tenants after move out.

50. The claims of Plaintiff and of the Class and the Security Deposit Notice Class originate from the same conduct, practice, and procedure, on the part of Quanblue. Plaintiff possess the same interests and has suffered the same injuries as each putative class member.

51. The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Plaintiff Class because he has no interest antagonistic to the Class and Security Deposit Notice Class he seeks to represent, and because the adjudication of their claims will necessarily decide the identical issues for other class members. Whether the Defendant's practice of failing to provide proper notice of its intent to assert a claim against the security deposits of Plaintiff and the class violates the Lease and/or the FRLTA are common issues that will be decided for all other consumers with similar or identical move out packets and collection letters. There is nothing peculiar about Plaintiff's situation that would make him inadequate as a Class Representative. Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

52. A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest, compared to the expense and burden of individual litigation. It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive. It would be difficult, if not

impossible, to obtain counsel to represent all tenant class members on an individual basis for such small claims.

53. More importantly, the vast majority of the Breach of Contract Class and Security Deposit Notice Class are not aware the Defendant's policies violate the Lease and the FRLTA and a class action is the only viable means of adjudicating their rights. There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendant and class actions are commonly used in such circumstances and Quanblue has the records necessary to determine class membership and damages.

## COUNT I
## VIOLATION OF THE FLORIDA RESIDENTIAL LANDLORD AND TENANT ACT, FLA. STAT. § 83.40 *et seq*. ("FRLTA")
### On Behalf of the Security Deposit Class

54. Plaintiff, on behalf of himself and all others similarly situated, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. After a tenant moves out, Fla. Stat. § 83.49(3)(a) requires landlords to either return the deposit in full within 15 days of moveout or send a certified mail notice of intent to impose a claim against a tenant's security deposit within 30 days of move out:

> (a) Upon the vacating of the premises for termination of the lease, if the landlord does not intend to impose a claim on the security deposit, the landlord shall have 15 days to return the security deposit together with interest if otherwise required, or the landlord shall have 30 days to give the tenant written notice by certified mail to the tenant's last known mailing address of his or her intention to impose a claim on the deposit and the reason for imposing the claim. The notice shall contain a statement in substantially the following form:
>
>> This is a notice of my intention to impose a claim for damages in the amount of   upon your security deposit, due to  . It is sent to you as required by s. 83.49(3), Florida Statutes. You are hereby notified that you must object in writing to this deduction from your security deposit within

13

> 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit. Your objection must be sent to (landlord's address).

56. The FRLTA is clear and unambiguous regarding the penalty for the landlord's noncompliance with the Security Deposit Notice requirement:

> If the landlord fails to give the required notice within the 30-day period, he or she forfeits the right to impose a claim upon the Security Deposit and may not seek a setoff against the deposit but may file an action for damages **after return of the deposit**.

Fla. Stat. § 83.49(3) (emphasis added).

57. When a tenant receives a Security Deposit Notice within 30 days of move out, Fla. Stat. § 83.49(3)(b) provides the tenant 15 days to object to the claims being made against their security deposit. If the tenant does not object to the claim, under Fla. Stat. § 83.49(3)(b), then and only then, can the landlord take possession of the tenant's security deposit monies. In other words, the landlord or its agent cannot apply the security deposit monies towards an outstanding balance in the Security Deposit Notice at all until after a Security Deposit Notice has been provided and the 15-day objection period has expired. The FRLTA clarifies this point as follows:

> (b) Unless the tenant objects to the imposition of the landlord's claim or the amount thereof within 15 days after receipt of the landlord's notice of intention to impose a claim, **the landlord may then deduct the amount of his or her claim** and shall remit the balance of the deposit to the tenant within 30 days after the date of the notice of intention to impose a claim for damages. The failure of the tenant to make a timely objection does not waive any rights of the tenant to seek damages in a separate action.

Fla. Stat. 83.49(3)(b)(emphasis added).

58. The Florida legislature added another section to the FRLTA that prevents landlords from prematurely taking possession of tenants' security deposits to offset amounts allegedly due. Specifically, Fla. Stat. § 83.49(1)(a) states that:

> The landlord shall not comingle such moneys with any other funds of the landlord or hypothecate, pledge, or in any other way make use of such moneys **until** such moneys are actually due the landlord.

(emphasis added).

59. Quanblue took control and possession of Plaintiff and Class Members' security deposits prior to sending a compliant Security Deposit Notice pursuant to Fla. Stat. § 83.49(3)(b), and prior to waiting for the 15-day objection period to expire. Fla. Stat. § 83.49(3)(b) is clear that security deposit monies are not due to a landlord until after the 15-day objection period has lapsed without any objection from the tenant.

60. Here, the 15-day objection period never even began to run because Quanblue failed to send a legally sufficient Security Deposit Notice at all. Even if it had, Quanblue unlawfully took possession and control over the security deposits on the same day they moved out, which is well before any notice letter was sent and before the 15-day objection period could have run.

61. By doing so Quanblue also made use of Plaintiff's and Class Members monies before the use of such monies was actually due in violation of Fla. Stat. § 83.49(1)(a).

62. Therefore, Quanblue violated Fla. Stat. § 83.49(3)(b) and Fla. Stat. § 83.49(1)(a) by taking the tenant security deposits prematurely.

63. Plaintiff and Class Members suffered actual damages by Quanblue equal to the amount of any security deposits withheld, plus interest.

64. In accordance with Fla. Stat. § 83.48, Plaintiff and the Class are entitled to attorney's fees and costs.

**COUNT II**
**Breach of Contract**
**On Behalf of the Class**

65. Plaintiff, on behalf of himself and all others similarly situated, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

66. Plaintiff and the Class entered into identical lease agreements, an example of which is reflected in Plaintiff's Lease. (**Exhibit A**).

67. Plaintiff and the Class complied with all obligations mandated within the Lease.

68. The Lease expressly incorporates the requirements of the FRLTA, Fla. Stat. § 83.49, into the Lease. (**Exhibit A, p. 11-12**).

69. The Lease states:

(d) Contain the following disclosure:

YOUR LEASE REQUIRES PAYMENT OF CERTAIN DEPOSITS. THE LANDLORD MAY TRANSFER ADVANCE RENTS TO THE LANDLORD'S ACCOUNT AS THEY ARE DUE AND WITHOUT NOTICE. WHEN YOU MOVE OUT, YOU MUST GIVE THE LANDLORD YOUR NEW ADDRESS SO THAT THE LANDLORD CAN SEND YOU NOTICES REGARDING YOUR DEPOSIT. THE LANDLORD MUST MAIL YOU NOTICE, WITHIN 30 DAYS AFTER YOU MOVE OUT, OF THE LANDLORD'S INTENT TO IMPOSE A CLAIM AGAINST THE DEPOSIT. IF YOU DO NOT REPLY TO THE LANDLORD STATING YOUR OBJECTION TO THE CLAIM WITHIN 15 DAYS AFTER RECEIPT OF THE LANDLORD'S NOTICE, THE LANDLORD WILL COLLECT THE CLAIM AND MUST MAIL YOU THE REMAINING DEPOSIT, IF ANY.

IF THE LANDLORD FAILS TO TIMELY MAIL YOU NOTICE, THE LANDLORD MUST RETURN THE DEPOSIT BUT MAY LATER



FILE A LAWSUIT AGAINST YOU FOR DAMAGES. IF YOU FAIL TO TIMELY OBJECT TO A CLAIM, THE LANDLORD MAY COLLECT FROM THE DEPOSIT, BUT YOU MAY LATER FILE A LAWSUIT CLAIMING A REFUND.

YOU SHOULD ATTEMPT TO INFORMALLY RESOLVE ANY DISPUTE BEFORE FILING A LAWSUIT. GENERALLY, THE PARTY IN WHOSE FAVOR A JUDGMENT IS RENDERED WILL BE AWARDED COSTS AND ATTORNEY FEES PAYABLE BY THE LOSING PARTY.

THIS DISCLOSURE IS BASIC. PLEASE REFER TO PART II OF CHAPTER 83, FLORIDA STATUTES, TO DETERMINE YOUR LEGAL RIGHTS AND OBLIGATIONS.

(**Exhibit A, p. 11-12**).

70. Plaintiff complied with all Lease obligations during his tenancy.

71. Pursuant to the Lease, after a tenant moves out Quanblue was required to either return the deposit in full within 15 days of moveout or send a certified mail notice of intent to impose a claim against a tenant's security deposit within 30 days of move out. (**Exhibit A, p. 11-12**).  Further, the Lease provision states that "If the landlord fails to timely mail you notice, the landlord must return the deposit …" *Id.*

72. Quanblue breached the terms of the lease by failing to send timely send a Security Deposit Notice, as required by the Lease, and by failing to return Plaintiff and the Class Members security deposits in full when notice was not issued.

73. As a result of Quanblue's breach, Plaintiff and the Class Members suffered actual damages by failing to receive their security deposit which they are contractually owed.

74. Because of Quanblue's breach, Plaintiff and the Class Members have retained the undersigned counsel to represent them in this action and are required to pay them a reasonable fee.

75. Plaintiff is due attorney fees under the Lease.  (**Exhibit A, p. 7**).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter an Order:

a. Certifying this action as a class action pursuant to Federal Rule of Civil Procedure Rule 23;

b. Appointing named Plaintiff to act as Class Representative;

c. Appointing the undersigned counsel to act as Class Counsel;

d. Declaring that Quanblue violated both the Florida Residential Landlord and Tenant Act ("FRLTA") and thus awarding Plaintiff and Class Members actual damages in the amount of the security deposits possessed by Quanblue;

e. Awarding court costs and attorney's fees to Plaintiff and Class Members pursuant to the FRLTA;

f. Forbidding Quanblue from sending Move Out Statements similar to Exhibit B in the manner described in this Complaint;

g. Declaring Quanblue materially breached its Lease Agreements with Plaintiff and Class Members, and awarding appropriate damages due to this breach;

h. Awarding Plaintiff's attorney fees and costs; and

i. Awarding any other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 3, 2024                                  **VARNELL & WARWICK, P.A.**

/s/ Jeffrey L. Newsome
Jeffrey L. Newsome; FBN: 1018667
Janet R. Varnell; FBN:  0071072
Brian W. Warwick; FBN:  0605573
Pamela G. Levinson, FBN: 538345
Christopher J. Brochu; FBN: 1013897
400 N Ashley Drive,
Tampa, FL  33602
Telephone:  (352) 753-8600
Facsimile:  (352) 504-3301
*jnewsome@vandwlaw.com*
*jvarnell@vandwlaw.com*
*bwarwick@vandwlaw.com*
*plevinson@vandwlaw.com*
*cbrochu@vandwlaw.com*
*ckoerner@vandwlaw.com*

***Attorneys for Plaintiff, and on behalf of all others similarly situated***